# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HITHAM ABUHOURAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-271 (ESH) |
| | ) | |
| JULIE THRONTON NICKLIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

### I.   INTRODUCTION

Plaintiff is currently imprisoned at Federal Correctional Institution (FCI) Schuylkill in Minersville, Pennsylvania. He has commenced this action against numerous officials at the United States Penitentiary (USP) Canaan in Wymart, Pennsylvania (the "USP Canaan defendants"), *see* Compl. ¶¶ 2–12, ECF No. 1; numerous officials at FCI Fort Dix in Fort Dix, New Jersey (the "FCI Fort Dix defendants"), *id.* ¶¶ 13–18; the alleged accreditation agency of all federal prisons, *id.* ¶ 19; the United States State Department and officials thereof (the "State Department defendants"), *id.* ¶¶ 20–24; the United States, *id.* ¶ 25; and a John Doe, *id.* at 1 (listing John Doe in the case caption). Against various combinations of the USP Canaan defendants and the FCI Fort Dix defendants, and presumably also against the accreditation agency and the United States, Plaintiff alleges in Counts 1–9 cruel and unusual punishment; violations of due process; retaliation; discrimination; "violation of a constitutionally protected right"; conspiracy; equal-protection violations; "fraud, fraudulent misrepresentation, concealment[,] and nondisclosure"; and further conspiracy. *Id.* ¶¶ 232–87. In Count 10, Plaintiff

alleges that the State Department defendants violated the Freedom of Information Act (FOIA). *Id.* ¶¶ 288–91.

Concerning Plaintiff's claims in Counts 1–9, this judicial district is an improper venue because the events giving rise to these claims allegedly took place at USP Canaan and FCI Fort Dix. Because the majority of Plaintiff's focus appears to be on events at USP Canaan, the Court will transfer Counts 1–9 to the Middle District of Pennsylvania. But before doing so, the Court will sever the FOIA claim from all other claims because to transfer some, but not all, claims—*i.e.*, to transfer an action partially—the part of the action to be transferred must be severed from the part of the action to remain.

Concerning Plaintiff's FOIA claim, which will remain before this Court as a separate action, the Court will *sua sponte* dismiss the claim against individually named State Department officials for failure to state a claim upon which relief may be granted. Because Plaintiff is proceeding in forma pauperis, the Court is obliged to *sua sponte* dismiss a claim as soon as the Court determines that no relief may be granted on that claim. And because only a federal agency is the proper defendant in a FOIA action, Plaintiff fails to state a FOIA claim upon which relief may be granted as to individually named State Department defendants. Finally, the Court will invite Plaintiff to identify whether he wishes to continue to pursue only his FOIA action against only the State Department in this Court.

## II. VENUE, SEVERANCE, AND TRANSFER OF COUNTS 1–9

Plaintiff asserts that this Court has jurisdiction based on federal statutes, as opposed to diversity of the parties. *Compl*. at 2. 28 U.S.C. § 1391(b) sets forth the general venue requirements for such a situation:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial

> district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought

Not all defendants in this action reside in the same state, because the USP Canaan defendants presumably reside in the Pennsylvania area and the FCI Fort Dix defendants presumably reside in the New Jersey area. Few, if any, of the events giving rise to the claims made in Counts 1–9 occurred in the District of the District of Columbia. However, a substantial part of the events giving rise to these claims against these defendants occurred in the Middle District of Pennsylvania, the judicial district in which USP Canaan is located. *See* Compl. ¶¶ 232–87; Fed. Bureau of Prisons, *USP Canaan*, http://www.bop.gov/locations/institutions/caa/index.jsp (last visited Feb. 10, 2011) (identifying "Middle Pennsylvania" as the judicial district encompassing USP Canaan). Therefore, venue is not proper in this judicial district, but is proper in the Middle District of Pennsylvania.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court finds it in the interest of justice to transfer Counts 1–9 to the Middle District of Pennsylvania to avoid the inefficiency of dismissing and requiring the refiling of the claims made in those counts. But because § 1406(a) contemplates the transfer of a "case," as opposed to a claim, it does not permit the partial transfer of only some claims made in a case. Instead, the claims must first be severed into separate cases, so that one entire case may be transferred and the other entire case may remain. *See, e.g.*, *Barnes Group, Inc. v. Midwest Motor Supply Co.*, No. 2:07-cv-1164, 2008 WL 509193, *4 (S.D. Ohio Feb. 22, 2008) (severing claims prior to partial transfer under § 1406(a)).

"The Court may . . . sever any claim against a party" that is misjoined. Fed. R. Civ. P. 21. As recently elucidated, the guidelines for such an evaluation are clear:

> Whether a party is misjoined is a function of [Federal] Rule [of Civil Procedure] 20(a)'s permissive joinder standards. *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008) (citing *Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004)). Under Rule 20(a), claims against multiple defendants may be joined if: (1) the claims arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a); *see also Montgomery*, 532 F. Supp. 2d at 35. To satisfy the first prong, the claims must be logically related. *Disparte*, 223 F.R.D. at 10 (citing *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)). The second prong "requires only that there be some common question of law or fact." *Id.* (citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1334 (8th Cir. 1974)). These two prongs are construed in light of Rule 20's purpose: "to promote trial convenience and expedite the final resolution of disputes, thereby preventing multiple lawsuits, extra expense to the parties, and loss of time to the court as well as the litigants appearing before it." *Tenet*, 216 F.R.D. at 137.

*Bederson v. United States*, No. 09-cv-688, 2010 WL 5168829, at *10 (D.D.C. Dec. 21, 2010) (footnote omitted). Applying these standards, the Court concludes that the FOIA claim in Count 10 against the State Department defendants is misjoined with all other claims against all other defendants.

Whether the State Department properly searched for and disclosed records to Plaintiff in response to a FOIA request simply has nothing to do with whether USP Canaan defendants, the FCI Fort Dix defendants, or any other defendant in this action unconstitutionally violated the Eighth Amendment rights of, violated the due process rights of, retaliated against, discriminated against, conspired against, violated the equal protection rights of, committed fraud against, or violated any other constitutional rights of Plaintiff. The FOIA claim in Count 10 shares neither a common question of law nor fact with any other claim in Counts 1–9. The Court will therefore sever Counts 1–9 from Count 10, thus creating two separate and independent actions, which the Court will refer to as the "prison action" and "FOIA action," respectively. *In re Brand-Name*

*Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) ("[S]everance of claims under Rule 21 results in the creation of separate actions."). As concluded above, the FOIA action will then be transferred to the Middle District of Pennsylvania.

### III.     PARTIAL DISMISSAL OF COUNT 10

Remaining before the Court will be Count 10—the FOIA action—against the United States State Department and Department officials Mary Therese Castro, Thomas W. Evertt, Patric D. Scholl, and Margaret P. Grafeld. "[T]he only proper defendant in a FOIA action is a federal agency." *Isasi v. Jones*, 594 F.Supp.2d 1, 4 (D.D.C. 2009) (citation omitted); *see* 5 U.S.C. § 552a(g)(1) (providing that an "individual may bring an action against the agency" for a FOIA violation). Plaintiff has therefore failed to state a FOIA claim upon which relief may be granted as to Mary Therese Castro, Thomas W. Evertt, Patric D. Scholl, and Margaret P. Grafeld.

Plaintiff is proceeding *in forma pauperis*. *See* Order at 2, ECF No. 4. Under the statute concerning such proceedings, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2), (2)(B), (2)(B)(ii). "Once such a determination is made, dismissal is mandatory." *Rogler v. U.S. Dept. of Health and Human Servs.*, 620 F. Supp. 2d 123, 128 (D.D.C. 2009). The Court will therefore dismiss the FOIA claims against Mary Therese Castro, Thomas W. Evertt, Patric D. Scholl, and Margaret P. Grafeld.

All that will remain before this Court will be Plaintiff's FOIA claim against the State Department, for which Plaintiff has sought money damages. Compl. ¶ 291. However, "[i]t is well[ ]settled that monetary damages are not available under FOIA," and therefore Plaintiff cannot recover money for any claim under FOIA. *Ross v. United States*, 460 F. Supp. 2d 139, 151 (D.D.C. 2006) (citing *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C.

Cir. 2002) ("FOIA . . . provides requesters with the potential for injunctive relief only . . . .")). The Court will therefore order Plaintiff to identify, on or before March 10, 2011, whether he wishes to proceed with this FOIA action. Failure to respond may result in dismissal of the FOIA action for failure to prosecute. *See* LCvR 83.23.

**IV.    Conclusion.**

For the reasons set forth above, the Court will sever claims made in Counts 1–9 from the claim made in Count 10, creating a prison action and a FOIA action; will transfer the prison action to the Middle District of Pennsylvania; will dismiss claims against individually named officials in the FOIA action; and will invite Plaintiff to identify whether he wishes to proceed with the FOIA action. A separate order shall issue this date.

/s/
ELLEN SEGAL HUVELLE
DATE: February 11, 2011                                      United States District Judge

6